(23 Misc. Rep. 691.)

# PEARSE v. DIVVER.

(Supreme Court, Appellate Term.    June 6, 1898.)

ENTIRE CONTRACT—PART PERFORMANCE.

In an action to recover for services, under a contract by which the plaintiff's assignor undertook, for a specified lump sum, to paint the defendant's cottage and barn, windmill, etc., and do other painting, kalsomining, and varnishing in the house and barn, the trial justice found that the contract had not been substantially performed in its important and essential elements. *Held*, on appeal, that the contract was in its nature entire, and therefore the plaintiff was not entitled to any recovery whatever.

Appeal from Thirteenth district court.

Action by Sarah G. Pearse against Patrick Divver. From a judgment for plaintiff for $50 and costs, defendant appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

James P. Niemann, for appellant.
Charles A. Winters, for respondent.

GIEGERICH, J.   The plaintiff's complaint is predicated upon two causes of action,—one to recover a balance of $92 claimed to be due on a contract made between the plaintiff's assignor and the defendant, and the other for $18 for extra work.   The answer denies performance of the contract, avers that the work was done in an improper and unworkmanlike manner, alleges that the so-called extra work formed part of the work required to be performed by the contract made between plaintiff's assignor and the defendant, and sets up a counterclaim for $150 damages claimed to have been sustained in consequence of the alleged breach of plaintiff's assignor.   Another counterclaim is set up, which it is not necessary to consider, in view of the conclusion reached respecting other issues presented by the pleadings.

In or about the month of May, 1897, the plaintiff's assignor submitted to the defendant the following estimate:

"May 10, 1897.

"Mr. Patrick Divver—Dear Sir:   Propose to paint your cottage and barn, windmill, chicken house, and all other painting on outside at your Cedarhurst residence, and paint your kitchen walls, and kalsomine kitchen ceiling and entrance ceiling and one attic room and two 2nd-story rooms and back stairway walls, and varnish ceiling and sides of wagon room in the barn, for the sum of one hundred and ninety-five dollars and seven $50/100$ dollars added for the varnish; total, $202 $50/100$.

"Yours, truly,                                        W. S. Pearse,
                                                      "Far Rockaway "

The defendant testified that he unconditionally accepted the above proposal, while the plaintiff's assignor, on the other hand, testified that before entering upon the performance of the contract the defendant waived the varnishing of the interior of the carriage house, and the painting of a grape arbor, and that, with these exceptions, the paper writing above set forth was the final contract between the parties.   At the trial the plaintiff's assignor, while claiming to have

performed the contract, admitted his failure to paint the first story of the house, the end of the barn, chicken house, and grape arbor, and to varnish "the wagon room and blinds, and boards on the back of the chicken house, where the duck pond is." The testimony adduced on behalf of the defendant tended to show a failure to perform the contract in substantial and important respects, and such work as was done was finished in an improper and unworkmanlike manner. When both sides rested, the justice said:

"It seems to me it is shown by the evidence that this work was not done in proper manner. The only thing is that there has been some work done that ought to be paid for. The extra work I will allow; that is, $18.50. And as to the other work, I did not hear any criticism of the work on the windmill or the chicken house. I think I ought to allow something more than was paid, but not a great deal. I will allow something like $49.50 to the plaintiff. Counsel for Plaintiff: Will your honor make it $50, as this has been an expensive proceeding, and one in which we ought to have costs. The Court: Judgment for the plaintiff for $50 and costs."

It requires no citation of authorities to show that the plaintiff, under these circumstances, cannot recover. The justice, having found that the contract, which was in its nature entire, in my opinion, had not been substantially performed in its important and essential elements, could not lawfully allow any recovery thereon.

For these reasons, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.